IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 1:00-CR-105 |
| | § | |
| DAVID TEZENO, JR. | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 3, 2014, alleging that the Defendant, David Tezeno, Jr., violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on May 8, 2002, before the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class C felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. The Defendant was sentenced to 151 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: the

defendant shall not commit any offense against a foreign state or nation, financial disclosure, drug aftercare, and a special assessment of $100.

## II. The Period of Supervision

On May 21, 2011, the Defendant completed his term of imprisonment and began service of the supervision term. Subsequently, this case was reassigned to the Honorable Ron Clark of the Eastern District of Texas. On September 28, 2012, the Defendant's conditions of supervision were modified to include 180 days at a residential reentry center. On October 11, 2012, the court again modified his conditions of release to remove the condition requiring placement in a residential reentry center and included 180 days of home confinement. On June 19, 2013, the original term of supervised release was revoked, and the Defendant was sentenced to 10 months' imprisonment to be followed by 2 years of supervised release. On February 11, 2014, the Defendant completed his term of imprisonment and began his subsequent term of supervised release. On June 10, 2014, the Defendant's conditions of supervision were modified to include 180 days at a residential reentry center.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on July 3, 2014, alleging the following violations: 1) the Defendant admitted to using cocaine and methamphetamine in April and May, 2014, and also tested positive for cocaine in a urine specimen in violation of his condition that he refrain from using unlawful controlled substances; and 2) on June 30, 2014, the Defendant absconded from Bannum Place of Beaumont and was unsuccessfully discharged in violation of his condition that he reside in a residential reentry center for a period of 180 days.

## IV. Proceedings

On July 9, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release, to wit: the Defendant shall refrain from any unlawful use of a controlled substance.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of twelve (12) months' imprisonment (which includes 170 days of unserved community confinement) with no supervised release upon release from imprisonment.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). According to 18 U.S.C. § 3583(g)(1), if the Defendant possesses a controlled substance in violation of the conditions set forth, the court shall revoke the term of supervised release and requires the Defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under

subsection (e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by testing positive for cocaine in a urinalysis, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant served only ten days in

community confinement and failed to complete the remaining 170 days before being unsuccessfully discharged from the program. Therefore, those 170 days of unserved time are converted to an equivalent period of imprisonment and included in the Defendant's twelve month sentence of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by testing positive for cocaine in a urinalysis. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and

U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. To the extent the recommended sentence can be deemed a variance because it is two months lower than the advisory guideline range (when subtracting the unserved community confinement that was converted to an equivalent term of imprisonment), the undersigned finds that a variance is justified given that the Defendant's violations are not violent, but drug related, and the conversion of his previously imposed community confinement to imprisonment is arguably a harsher sentence. The undersigned also notes it is a relatively small variance—only two months less than the low end of the advisory guideline range—and the Government raised no objection to the recommended sentence. Thus, the sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twelve months' imprisonment (which includes 170 days of unserved community confinement) and no supervised release to follow.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by testing positive for cocaine in a urinalysis.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of twelve months' imprisonment (which includes 170 days of unserved community confinement) with no supervised release to follow.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in El Reno, Oklahoma to facilitate participation in a treatment program. The court should recommend this facility if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 16th day of July, 2014.

_____
Zack Hawthorn
United States Magistrate Judge